## STATE v WINTERS

Ohio Appeals, 6th Dist, Lucas Co

No 2564. Decided Nov 9, 1931

Dudley F. Smith, Columbus, for plaintiff in error.

Norman Cohen, for defendant in error.

LLOYD, J.

The only question involved is whether §13442-4, GC, in conjunction with the next following section, or §1579-300, GC, governs the right of the respective parties herein to a trial by jury in the Municipal Court. The defendant in error, in the manner presented by §13442-4, GC, waived his right to demand a jury, whereas plaintiff in error demanded a jury in accordance with the provisions of §1579-300, GC. The request of plaintiff in error was granted and a trial had to the court and a jury. §1579-300, GC, which is a part of the Code creating the Municipal Court of Toledo, provides that:

"all cases in the Municipal Court shall be tried to the court, unless a jury trial be demanded by a party or unless the judge in the interest of justice on his own motion orders a trial by jury. The demand for a jury trial must be made in writing not later than two weeks from the appearance date stated in the summons and not less than three days before trial of the case * * * In all criminal actions where a jury may be and is demanded, it shall be composed of twelve persons having the qualifications of electors."

Sec 13442-4, GC, enacted subsequently to §1579-300, GC, and found in Chapter 21 of Part IV of the Code, under the title "Trial: General Provisions," provides that

"in all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury and may, if he so elect, be tried by the court without a jury."

In State v Smith, 123 Oh St, 237, it is held that:

"upon the arraignment and plea of an accused, the provisions of §§13442-4 and 13442-5, GC, giving him the right to waive a jury and the election to be tried by the court are mandatory; and the court has no power to reject the accused's waiver, unless a suggestion of his present insanity is made by counsel for the accused or unless it otherwise comes to the notice of the court that the accused is not then sane."

Sec 13442-4 GC is specific in its stated application to "courts of record" and §1579-276 GC expressly provides that the Municipal Court of Toledo "shall be a court of record." If §13442-4 GC was not intended to include and apply to Municipal Courts, which are courts of record, such exclusion could easily have been expressed by saying so or by naming the particular court or courts to which it was to relate. It is evident to us, therefore, that this section supersedes and abrogates the right of trial by jury in a criminal case in the Municipal Court of Toledo when the accused waives his right thereto. So concluding, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur.